**Linda R. TRIPP Plaintiff,**

v.

**DEPARTMENT OF DEFENSE, et al., Defendants.**

**No. 99–2554 EGS 131 133.**

United States District Court, District of Columbia.

Nov. 30, 2001.

Stephen M. Kohn, David K. Colapinto, Michael D. Kohn, Kohn, Kohn & Colapinto, P.C., Washington, DC, Counsel for Linda Tripp.

Sylvia T. Kaser, Anne L. Weismann, U.S. Department of Justice, Civil Division, Washington, DC, Counsel for DOD.

William J. Murphy, John J. Connolly, Murphy & Shaffer, Baltimore, MD, Counsel for Kenneth Bacon.

William Hardy, Karalekas & Noone, Washington, DC, Counsel for Clifford H. Bernath.

### MEMORANDUM OPINION
### AND ORDER

SULLIVAN, District Judge.

Plaintiff Linda Tripp filed this lawsuit against several federal defendants seeking declaratory and injunctive relief for violations of the Privacy Act, 5 U.S.C. § 552a *et seq.* She also seeks damages from two individual defendants, Kenneth H. Bacon, the former Assistant Secretary of Defense, and Clifford Bernath, the former Principal Deputy Assistant Secretary of Defense, for conspiring to violate plaintiff's civil rights in violation of clause 2 of the Civil Rights Act of 1871 and 42 U.S.C. § 1985(2), and for the torts of invasion of privacy and civil conspiracy.

This case comes before the Court on defendants Bacon and Bernath's motion for summary judgment. Upon consideration of that motion, the response and reply thereto, the oral argument of counsel at the motions hearing held on October 10, 2001, and the applicable statutory and case law, the Court holds that these two defendants are entitled to qualified immunity and therefore will GRANT defendants' motion for summary judgment.

### BACKGROUND

Plaintiff alleges that she was the victim of a pattern of intentional and wrongful disclosures by various federal agencies of confidential information contained in government files for the purpose of embarrassing her and retaliating against her. At the heart of plaintiff's claim is the alleged release of information by individuals at the Department of Defense (DOD) to Jane Mayer, a reporter from *The New Yorker* magazine. Plaintiff alleges the fol-

lowing: On March 12, 1998, Mayer contacted Kenneth Bacon, the Assistant Secretary of State for Public Affairs. Mayer indicated that she was writing a story on plaintiff and had uncovered information suggesting that plaintiff had been arrested in 1969. Mayer wanted to know whether plaintiff had disclosed any prior arrests on her security clearance application. Bacon then enlisted his deputy, Bernath, to obtain the information Mayer requested. The next day Bernath contacted Mayer and informed her that plaintiff had denied having an arrest record on her clearance application. Later that same day, *The New Yorker* magazine published Mayer's article, entitled "Portrait of a Whistleblower," which included the information from plaintiff's file.

The original complaint in this case was filed on September 27, 1999, and named as defendants the Executive Office of the President (EOP), the DOD, Kenneth Bacon, Clifford Bernath, and Jane and John Doe numbers 1 through 99. In January of 2000, plaintiff amended her complaint to allege claims against the Federal Bureau of Investigations (FBI). On April 5, 2001, the Court ruled on several pending motions to dismiss, granting in part and denying in part those motions. *See* Civ. Action No. 99–2554, Order of 4/5/01. The Court granted the EOP's motion to dismiss with respect to the Privacy Act claim in Count I. The Court dismissed without prejudice Count II against the FBI, pending the resolution of class certification in *Alexander v. FBI,* No. 96–2123. The Court dismissed in part Count IV against defendants Bacon and Bernath with respect to plaintiff's claim pursuant to § 1985(1) and the Civil Rights Act of 1871. The Court granted the government's motion to strike defendants Jane and John Does 1 through 99 from the caption of the case without prejudice.

The Court allowed the following claims to proceed: Count III against DOD pursuant to the Privacy Act, Count IV against the individual defendants pursuant to § 1985(2), and Count V against the individual defendants pursuant to common law tort claims pending the resolution of the government's motion to substitute the United States as the proper defendant.

On October 10, 2001, the Court heard arguments on pending motions in this case. In an Order dated October 10, 2001, the Court ordered that with respect to Count V, the United States was substituted for the individual defendants as the proper defendant pursuant to 28 U.S.C. § 2679, and the common law tort claims were replaced by a Federal Torts Claim Act (FTCA), 28 U.S.C. § 1346(b), 2671–80, claim against the United States. The Count V common law tort claims against the individual defendants were therefore dismissed with prejudice and the FTCA claim against the United States was dismissed with prejudice for failure to exhaust administrative remedies. The Court then took under advisement counsel's arguments with respect to the individual defendants' qualified immunity defense to the sole remaining claim against them, the Count IV claim pursuant to § 1985(2).

## DISCUSSION

### I.  Standard of Review

Summary judgment should be granted only if the moving party has shown that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Aka v. Washington Hosp. Ctr.,* 116 F.3d 876, 879 (D.C.Cir.1997). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S.

242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### II.  Qualified Immunity

Plaintiff alleges that defendants Bacon and Bernath conspired to punish her for her testimony or potential testimony in several ongoing lawsuits and Office of the Independent Counsel (OIC) investigations, including *Jones v. Clinton, Alexander v. FBI,* the OIC's investigation into the "filegate" scandal, and the OIC's investigation into the Monica Lewinsky scandal. Plaintiff alleges that Bacon and Bernath conspired with others to punish her and deter others from testifying or participating in those investigations.

Defendants argue that their actions are protected by the qualified immunity that applies to government officials. Because defendants' actions did not constitute a clearly established violation of § 1985(2) defendants are entitled to immunity.

### A.  *Defendants Did Not Violate Clearly Established Law*

Most executive officials are immune from suits alleging constitutional and statutory violations unless they violate "clearly established" statutory or constitutional rights. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) ("We therefore hold that government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.") The *Harlow* Court crafted this objective standard to eliminate the factual disputes that previously arose from an inquiry into an official's subjective good faith and precluded resolution of qualified immunity defense on summary judgment. Because

"[t]he entitlement is an immunity from suit rather than a mere defense to liability," *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), the Supreme Court repeatedly has stressed the importance of resolving immunity questions at the earliest possible stage in litigation. *See Malley v. Briggs,* 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986); *Mitchell,* 472 U.S. at 526, 105 S.Ct. 2806; *Davis v. Scherer,* 468 U.S. 183, 195, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984); *Harlow,* 457 U.S. at 818, 102 S.Ct. 2727.

When applying the objective qualified immunity standard, courts generally must resolve two questions: 1) has the plaintiff stated a violation of a constitutional or statutory right?; and 2)If so, was that right clearly established? *See Siegert v. Gilley,* 500 U.S. 226, 232, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991). The Supreme Court has further interpreted the inquiry into "clearly established" to mean, were the "contours of the right ... sufficiently clear that a reasonable official would understand what [he or she] is doing to violate that right?" *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

This Court has already addressed the first question necessary to determine whether defendants are entitled to qualified immunity. In denying in part defendants' motions to dismiss on April 5, 2001, the Court held that plaintiff has stated a claim for a violation of § 1985(2). Plaintiff asserted a claim under the first clause of § 1985(2), which states:

If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified ...

Defendants raised three arguments in opposition to plaintiff's claim, all of which were rejected by the Court: 1) that plaintiff, as a nonparty to the federal proceedings in which she was a potential witness, had no standing to file a claim under § 1985(2); 2) that plaintiff suffered no cognizable injury because she testified fully every time she was called upon to do so; and 3) that Bacon and Bernath, as members of the same agency, could not conspire against her under the "incorporate conspiracy" doctrine. The Court denied the motion to dismiss after a discussion of the relevant case law, holding that plaintiff had standing, that plaintiff's injury under § 1985(2) could take the form of a level of harassment or intimidation less than actual prevention of testimony, and that because plaintiff alleged that other individuals beyond Bacon and Bernath were involved in the alleged conspiracy, incorporate conspiracy doctrine arguably does not bar her claim.

■ As for whether a reasonable official in defendants' position would have known that their actions violated a clearly established constitutional or statutory right, the Court may look no further than the statute or constitutional right that forms the basis for plaintiff's claim. *Davis v. Scherer,* 468 U.S. 183, 193–96 & n. 12, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984).

[O]fficials sued for violations of rights conferred by a statute or regulation, like officials sued for violation of constitutional rights, do not forfeit their immunity by violating some other statute or regulation. Rather, these officials become liable for damages only to the extent that there is a clear violation of the statutory rights that give rise to the cause of action for damages.

*Id.* at 194 n. 12, 104 S.Ct. 3012. Plaintiff's argument that defendants clearly violated plaintiff's rights under the Privacy Act by releasing information to *The New Yorker* is not relevant to determining whether defendants are entitled to qualified immunity.

▇▇▇▇ In this case, the Court must determine whether a reasonable officer would have known that defendants' actions clearly violated § 1985(2). The Court's April 5, 2001 opinion is also informative with respect to this question. As to both the questions of whether plaintiff has alleged a cognizable injury under § 1985(2) and whether the incorporate conspiracy doctrine applies to § 1985(2), the Court recognized and discussed the considerable disagreement that exists among the United States Courts of Appeals. While a decision by the Supreme Court in a case involving the same material factual circumstances is not necessary for the law to be clearly established, *United States v. Lanier,* 520 U.S. 259, 269, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997), a conflict among the Courts of Appeals may indicate that the law was not clearly established. *Id.* Here, as reflected in the April 5, 2001 decision, there is a significant conflict among the Courts of Appeals as to whether § 1985(2) should apply to injuries less substantial than prevented testimony and when two individuals allegedly conspire within the same agency and with other federal employees outside the agency. The Court need not repeat that discussion here. The close question of whether plaintiff should have survived the motions to dismiss in this case is a reflection of the unsettled nature of § 1985(2) doctrine. For these reasons, a reasonable official in defendants' positions would not have known that his actions violated any clearly established rights protected by § 1985(2).

### B. *Defendants Were Acting Within the Scope of Their Employment*

Plaintiff argues that the Court should not reach the question of whether defendants violated clearly established rights before addressing the threshold issue of whether defendants were acting within the scope of their authority when they committed the actions about which plaintiff complains. Neither the Supreme Court nor the D.C. Circuit has framed the issue of the scope of an official's employment as a threshold determination in the qualified immunity analysis. In discussing the qualified immunity standard, those courts have focused primarily on the question of a violation of clearly established law. *See, e.g., Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987); *Harlow,* 457 U.S. at 818, 102 S.Ct. 2727.

The cases cited and the language quoted by plaintiff for the proposition that scope of employment is a threshold question are all cases involving absolute rather than qualified immunity. *See, e.g., Chastain v. Sundquist,* 833 F.2d 311 (D.C.Cir.1987) (discussing scope of legislative immunity); *McSurely v. McClellan,* 753 F.2d 88 (D.C.Cir.1985)(discussing absolute immunity for executive officials charged with common law torts); *Gray v. Bell,* 712 F.2d 490 (D.C.Cir.1983)(same). The doctrine that plaintiff attempts to invoke here is the absolute immunity given to federal officials from common law tort claims, as opposed to the qualified immunity for officials from constitutional and statutory claims. *See, e.g., Butz v. Economou,* 438 U.S. 478, 494–95, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978) (distinguishing absolute immunity for executive officials for tort claims from qualified immunity); *McKinney v. Whitfield,* 736 F.2d 766, 767 (D.C.Cir.1984) (same). As the Supreme Court explained in *Barr v. Matteo,* 360 U.S. 564, 575, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959), the foundational case

for absolute immunity from tort for executive officials, that absolute immunity only extends to actions "taken ... within the outer perimeter of [their] line of duty." The Supreme Court has not conducted the same inquiry or used the same language to describe the qualified immunity standard, and has explicitly distinguished the two doctrines. *See, e.g., Butz,* 438 U.S. at 494–95, 98 S.Ct. 2894.

Even if the question of whether an official's actions are within the scope of his duties is relevant to qualified immunity, it is clear that plaintiff has failed to articulate the proper measure of the parameters of the scope of employment. Plaintiff's argument in general terms is that the individual defendants' actions were illegal, and therefore could not possibly be within the scope of their employment with the federal government. Specifically, plaintiff argues that defendants actively conspired to violate her rights, and since such a conspiracy could not be in defendants' job description, defendants were therefore acting outside the scope of their employment and should not be given immunity. Plaintiff's argument collapses the qualified immunity defense with a determination on the merits. If anything is clear from the qualified immunity doctrine, it is that the question of whether an official deserves qualified immunity is not the same inquiry as whether the official has violated the law. If the parameters of employment are going to be relevant to qualified immunity analysis at all, allegedly illegal actions can not be considered *per se* outside the scope of employment.

Furthermore, this Court has already determined that Bacon and Bernath were acting within the scope of their employment. On October 10, 2001, this Court granted defendants' request to substitute the United States for the individual defendants with respect to the common law torts raised by plaintiffs, as those claims should have been brought under the FTCA. In order to do so, the Court was required to address the threshold question of whether defendants were acting within the scope of their employment. The Court relied on plaintiff's own admission that the defendants were so acting, in another lawsuit pending before this Court that she had filed pursuant to the FTCA. *See Tripp v. United States,* Civ Action No. 01–506 (D.D.C.). Thus, even if plaintiff could argue that the scope of employment analysis that is relevant to absolute immunity doctrine should be imported into the qualified immunity doctrine, this Court has already determined that the individual defendants here were acting within the boundaries of their employment.

### CONCLUSION

For the foregoing reasons, the Court concludes the defendants Bacon and Bernath are entitled to qualified immunity. It is hereby

**ORDERED** that defendant Bernath's motion to join defendant Bacon's motion for summary judgment is **GRANTED;** it is

**FURTHER ORDERED** that defendants' motion for summary judgment is **GRANTED.**

**IT IS SO ORDERED.**